# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

EVS CODEC TECHNOLOGIES, LLC and
SAINT LAWRENCE COMMUNICATIONS,
LLC,

§
§
§
§
§
§
§
§
§
§
§
§

*Plaintiffs*,

v.

ONEPLUS TECHNOLOGY (SHENZHEN)
CO., LTD.,

*Defendant.*

Case No. 2:19-cv-00057-JRG

**Jury Trial Demanded**

## SUPPLEMENTAL PROTECTIVE ORDER

WHEREAS, on November 7, 2019, the Court entered a Protective Order (the "Protective Order") governing the disclosure of confidential materials;

WHEREAS, Plaintiff Saint Lawrence Communications, LLC, has disclosed to Apple Inc. ("Apple") that it intended to produce (1) the February 16, 2018 Settlement, Covenant, and Related Rights Agreement between Apple and Acacia Research Corporation (the "Settlement Agreement"), and (2) the February 16, 2018 Settlement and License Agreement between Apple and SLC (the "License Agreement" and, together with the Settlement Agreement, the "Agreements");

WHEREAS, Defendant has not yet designated any individuals pursuant to Paragraph 9 of the Protective Order;

WHEREAS, the parties have agreed to this Supplemental Protective Order to protect Apple's confidential licensing agreements;

By reason of the foregoing, it is ORDERED that the Agreements are subject to the terms of this Supplemental Protective Order:

1.      Designating the Agreements. The Agreements shall be designated by Plaintiff as "APPLE RESTRICTED ATTORNEYS' EYES ONLY" subject to the limitations and guidelines set forth herein. Plaintiffs shall be considered to be the producing party of the Agreements.

2.      Access to Material Designated as "Apple Restricted Attorneys' Eyes Only". Material designated as "APPLE RESTRICTED ATTORNEYS' EYES ONLY" and all information derived therefrom, including but not limited to copies, recordings, summaries, abstracts, excerpts, analyses, compilations, and the like may not, without the written consent of Apple, be given, shown, made available to, or communicated in any way by the receiving party to anyone other than: (a) outside counsel for the receiving party; (b) supporting personnel employed by such outside counsel of the receiving party, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; and (c) one (1) in-house counsel for the receiving party who is identified by the receiving party pursuant to Paragraph 3 of the Supplemental Protective Order, who is not a competitive decisionmaker and who will receive the information solely for the purpose of facilitating settlement negotiations, and provided that Apple and the receiving party will negotiate in good faith regarding reasonable additional limitations on disclosure as may be appropriate. If filed with the Court, the Agreements must be filed under seal pursuant to applicable Court rules and procedures.

3.      Disclosure of Material Designated as "Apple Restricted Attorneys' Eyes Only" to Experts, Consultants, or Receiving Party's In-House Counsel. If a party intends to disclose any documents designated as "APPLE RESTRICTED ATTORNEYS' EYES ONLY" to its proposed expert or consultant, and/or if the receiving party intends to disclose such material to an in-house counsel pursuant to Paragraph 2 of this Supplemental Protective Order, that party must send an email to prod_requests@apple.com with a copy to hcannom@wscllp.com that includes a signed

Confidentiality Agreement in the form attached as Exhibit A to the Protective Order, the resume or curriculum vitae of the proposed expert, consultant, or receiving party's in-house counsel, the expert's, consultant's, or receiving party's in-house counsel's business affiliation, and any current and past consulting relationships in the industry. Apple will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If Apple and the impacted parties are unable to resolve any objection, Apple may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by Apple, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion. Nothing in this Supplemental Protective Order shall be construed as a limitation on Apple's right to object to any in-house counsel identified by Defendants under this Paragraph.

4.      Use of Material Designated as "Apple Restricted Attorneys' Eyes Only" at hearing or trial. If a party intends to use any documents designated as "APPLE RESTRICTED ATTORNEYS' EYES ONLY" at hearing or at trial, that party must provide Apple with notification of such intended use at least ten (10) business days before the hearing or trial is scheduled. If a hearing or trial is scheduled less than ten (10) days in advance, the party must provide Apple with notification of such intended use as soon as possible under the circumstances. If the party is unwilling or unable to seek protections in the courtroom for use of the documents designated "APPLE RESTRICTED ATTORNEYS' EYES ONLY," Apple may apply to the presiding judge to seek such protections. There will be no use of documents designated as "APPLE RESTRICTED ATTORNEYS' EYES ONLY" in open court during the above-indentified

notification period, unless that period is waived by Apple, or if any objection is made, until the

parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

**So ORDERED and SIGNED this 26th day of March, 2020.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE